1

2

3

4

5

6

7

8

9

10

11

12

13

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

              Plaintiff,

     v.

JESUS HERNANDEZ
   (a/k/a "Jesus Hernandez-Rodriguez),

              Defendant.

Case No.: CR 08-00556-SBA (KAW)

AMENDED REPORT AND
RECOMMENDATION REGARDING
GUILTY PLEA

14

15

16

17

18

      Magistrate Judge Kandis A. Westmore recommends that the district judge accept

Defendant Jesus Hernandez's guilty plea entered in open court on January 10, 2013.  Specifically,

Defendant pleaded guilty pursuant to a written plea agreement to Count One of the captioned

indictment, charging Defendant with being a felon in possession of ammunition, in violation of 18

U.S.C. § 922(g)(1):

19

20

21

22

23

24

25

26

27

28

      1.  On the hearing date set forth above, with the assistance of counsel, the defendant

waived his right to enter his guilty plea before a district judge and instead consented to enter his

plea in a hearing in magistrate court.  Specifically, the magistrate judge advised him that he had a

right to plead guilty in district court, and that he could waive that right and consent to enter his

plea in a plea hearing in magistrate court.  The magistrate judge also advised him that she would

issue a written report recommending that the district judge accept the guilty plea, that the district

judge would review that recommendation and determine whether to accept the guilty plea, and

that the district judge and not the magistrate judge would sentence him.  The magistrate judge also

advised him of the procedures (also set forth at the end of this recommendation) for challenging

the magistrate judge's recommendation.  The defendant then waived his right to proceed in district

1

United States District Court
Northern District of California

1    court in open court and in writing and consented to the magistrate judge's conducting the plea

2    hearing.

3         2.  The magistrate judge conducted a full plea hearing in the manner set forth in Federal

4    Rule of Criminal Procedure 11.  In particular, the magistrate judge reviewed, and the defendant

5    acknowledged that he understood, the following: (a) the nature of each charge and the maximum

6    penalties, as set forth in Fed. R. Crim. P. 11(b)(1) (G)-(L); (b) the effect of the advisory

7    Sentencing Guidelines and 18 U.S.C. § 3553(a), *see* Fed. R. Crim. P. 11(b)(1)(M); and (c) the

8    rights he was waiving by pleading guilty, *see* Fed. R. Crim. P. 11(b)(1) (A)-(F).  The court

9    reviewed the specific provisions of the plea agreement regarding waiving the right to appeal or

10   collaterally attack the sentence.  *See* Fed. R. Crim. P. 11(b)(1)(N).  The magistrate judge also

11   determined that there was a factual basis for the guilty plea.   *See* Fed. R. Crim. P. 11(b)(3).

12        3.  The plea agreement itself was disclosed in open court, *see* Fed. R. Crim. P. 11(c)(2),

13   and the magistrate judge advised the defendant as follows:

14        The plea agreement was made pursuant to Rule 11(c)(1)(C).  The district judge may
          accept the agreement, reject the agreement, or defer a decision until the district judge has
15        reviewed the presentence report.  To the extent that the district judge accepts the
          agreement, the agreed disposition will be reflected in the judgment.  To the extent that the
16        district judge rejects the agreement, she will inform the parties, advise the defendant that
          she is not required to follow the plea agreement, and give the defendant an opportunity to
17        withdraw the plea.  If the district judge rejects the plea agreement and the defendant does
          not withdraw his plea, then the court may dispose of the case less favorably toward the
18        defendant than the plea agreement contemplated.
19

20   *See also* Fed. R. Crim. P. 11 (c)(3)-(5).

21        4.  The magistrate judge also addressed the defendant personally in open court, and

22   determined that the plea was voluntary and did not result from force, threats, or promises (other

23   than the promises in the plea agreement).   *See* Fed. R. Crim. P. 11(b)(2).

24        5.   After the advisements set forth in Rule 11, and summarized here, the defendant

25   pleaded guilty.  The magistrate judge found that he was fully competent and capable of entering

26   an informed plea, that he was aware of the nature of the charges and the consequences of the

27   guilty plea, and that the guilty plea was knowing and voluntary and supported by an independent

28

United States District Court
Northern District of California

factual basis.  This court thus recommends to the district judge that it accept the defendant's guilty plea.

6. Any party may serve and file specific written objections within fourteen days after being served with a copy of this order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.  Failure to file objections within the specified time may waive a party's right to review.  *See* Fed. R. Crim. P. 59(b).

7. At the parties' request, this court set the matter for sentencing before the district court on February 20, 2013 at 10:00 a.m.

IT IS SO RECOMMENDED.

Dated: January 29, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

3